**Leroy D. KLOCKO, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

No. 4:93–CV–1506 (CEJ).

United States District Court, E.D. Missouri, Eastern Division.

June 23, 1994.

Leroy D. Klocko, pro se.

---

fraud was of the dimensions in this case. *See, e.g., Menasco, Inc. v. Wasserman,* 886 F.2d 681, 684 (4th Cir.1989); *Torwest DBC, Inc. v. Dick,* 810 F.2d 925, 928–29 (10th Cir.1987); *Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.,* 833 F.2d 1360, 1362–64 (9th Cir.1987); *Jones v. Lampe,* 845 F.2d 755, 757–58 (7th Cir. 1988); *Lipin Enterprises, Inc. v. Lee,* 803 F.2d 322, 323–24 (7th Cir.1986); *Roeder v. Alpha Industries, Inc.,* 814 F.2d 22, 30–31 (1st Cir.1987).

Joseph B. Moore, Office of U.S. Atty., St. Louis, MO, Tamera Fine–Trail, U.S. Dept. of Justice, Office of Spec. Litigation, Tax Div., Washington, DC, for defendant.

## MEMORANDUM

JACKSON, District Judge.

This matter is before the Court on defendant's motion to dismiss. Plaintiff has not responded to this motion and the time for doing so has expired.

 Plaintiff brings this action for a temporary restraining order against the Internal Revenue Service directing it to "cease and desist from all further proceedings pursuant to its filing a garnishment with the Emmaus Homes Inc., St. Charles, MO on 30th day of June 1993, against said Plaintiff." Plaintiff argues that the defendant has failed to produce "clear and convincing evidence that the Plaintiff is a 'Taxpayer' within the meaning of Sec. 7701 of the Internal Revenue Code."

Defendant moves to dismiss this action for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). Plaintiff has failed to indicate any statute, regulation or common law cause of action that allows him to bring this action. Nor does he not indicate why or how the Internal Revenue Service is required to present evidence that the plaintiff is a taxpayer. The Court finds that plaintiff has failed to state a claim.

Further, plaintiff's claim for injunctive relief is barred by the Anti–Injunction Act, 26 U.S.C. § 7421(a), which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom the tax was assessed." A taxpayer may not prevent the Internal Revenue Service from assessing or collecting taxes; the taxpayer must pay the tax in full and bring an action for refund of the overpayment. *See Bob Jones University v. Simon*, 416 U.S. 725, 736, 94 S.Ct. 2038, 2045, 40 L.Ed.2d 496 (1974).

An injunction against the collection of taxes may only be maintained if the plaintiff demonstrates irreparable injury and certainty of success on the merits. *Id.* An injunction may only be issued "if it is clear that under no circumstances could the Government ultimately prevail...." *Enochs v. Williams Packing & Navigation Co., Inc.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). Plaintiff has failed to demonstrate either irreparable injury or certainty of success on the merits. Therefore, his claim is barred by the Anti–Injunction Act.

Accordingly, defendant's motion to dismiss will be granted.